```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
M.H,                                                             :
                                                                 :
                                  Plaintiff,                     :
                                                                 :       20-cv-1923 (LJL)
              -v-                                                :
                                                                 :       ORDER
NEW YORK CITY DEPARTMENT OF EDUCATION,                           :
                                                                 :
                                  Defendant.                     :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/2020

LEWIS J. LIMAN, United States District Judge:

     Plaintiff moves for the following relief to strike Defendant's objections to its documents requests and to compel discovery. Plaintiff also seeks to modify the present Case Management Plan and Scheduling Order. Dkt. No. 24. The motion is denied in part and granted in part.

     First, Plaintiff complains that Defendant is withholding information and documents with generalized objections that are asserted against each document request and each interrogatory without distinguishing among the requests and without further specification. Such responses are disallowed under the Federal Rules of Civil Procedure unless each objection applies to each document requests. *See CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2019 WL 3334503 at *11 (S.D.N.Y. July 25, 2019). However, Defendant responds that it will be serving amended responses to the interrogatories and document requests and does not intend to withhold any documents on grounds other than attorney-client privilege. This dispute is moot and Plaintiff's motion is denied.

     Second, Plaintiff objects to Defendant's responses to Interrogatories 2, 3, 4, 5, 6, 7, 8, 9, 11 and 12. As a general matter, the Interrogatories identify specific paragraphs of Defendant's answer and then ask Defendant to identify the documents and communications concerning that answer. Defendant has answered the Interrogatories by objecting to them as outside the scope of permissible interrogatories under Local Rule 33.3(a) to the extent they seek disclosure of non-documentary communications and by responding that they will produce documents responsive to the request. Plaintiff's motion is denied. The Interrogatories are outside the scope of what is permitted under Local Rule 33.3(a), which limits the interrogatories that can be served at the commencement of discovery to those "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." *See Rouviere v. Depuy Orthopaedics, Inc.*, 2020 WL 1080775, at *2-3 (S.D.N.Y. Mar. 8, 2020). Moreover, under Federal Rule of Civil Procedure 33(d), a responding party is permitted to answer an interrogatory by making the records necessary to answer the interrogatory available to the requesting party. This ruling applies as to Interrogatory

No. 2 as to which Defendant indicates that it will produce documents that are also publicly available.  Plaintiff has failed to demonstrate that there are any responsive, relevant documents that have not been produced and will not be produced.

      Finally, each side seeks a modification of the discovery schedule.  Plaintiff seeks an extension of time to take depositions after document production is complete.  Defendant asks for a modification of the schedule to permit additional time between the January 8, 2021 scheduled date for the completion of fact discovery and the February deadline for the completion of fact discovery.  The Case Management Plan and Scheduling Order are modified to permit the taking of fact depositions up to and including January 8, 2021.  Should the parties require a further, short extension of time, they should submit a joint proposed amended Case Management Plan and Scheduling Order.

      The clerk of court is respectfully directed to close the motion appearing at Dkt. No. 24.

SO ORDERED.

Dated: November 13, 2020
      New York, New York

                                       LEWIS J. LIMAN
                            United States District Judge