USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _5/21/2021_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
M.H. individually and on behalf of M.T., a child with a :
disability, :
:
:
Plaintiff, : 20-cv-1923 (LJL)
:
-v- : ORDER
:
NEW YORK CITY DEPARTMENT OF EDUCATION, :
:
Defendant. :
:
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff moves, pursuant to Fed. R. Civ. P. 65, for a preliminary injunction requiring the Department of Education ("DOE"), to, among other things, require the DOE to confirm to non-party Proud Moments ABA the remaining applied behavioral analysis ("ABA") hours not in dispute and that are available" under the Findings of Fact and Decision ("FOFD") (dated June 7, 2018)."

In order to obtain a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, the moving party must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

After Plaintiff filed the application for a preliminary injunction, the DOE filed a declaration from Sapna Kapoor in response to Plaintiff's motion for summary judgment. Since January 2018, Ms. Kapoor has been the Director of the Impartial Hearing Order Implementation Unit at the DOE. She makes her declaration based on personal knowledge, on her review of documents and records maintained by the DOE, and on conversations she has had with DOE employees. The declaration is dated May 19, 2021. Ms. Kapoor addresses Plaintiff's request. She states definitively and unambiguously: "There is . . . as of the date of this Declaration, a balance remaining of 307.22 hours of ABA services out of the agreed upon 1,035 hours of ABA services . . . and those hours remain available to the Student, subject to the outstanding invoices for June and August 2020 . . . and any adjustments required for the December 2019 or any other invoices that Plaintiff states she has not approved." Dkt. No. 41 ¶ 30. It thus appears that there are ample remaining hours available to M.T., for her to use for ABA. Therefore, on the basis of Ms. Kapoor's definitive declaration, Plaintiff has not shown a need or a basis for emergency relief from this Court. Plaintiff can present Ms. Kapoor's declaration and this Order to Proud Moments as confirmation of the remaining hours that are not in dispute.

Plaintiff also has not shown that M.T. will suffer irreparable injury if the Court does not grant the remainder of the relief sought by the application in advance of its decision on the motion for summary judgment.

Therefore, the request for a preliminary injunction is DENIED.

SO ORDERED.

Dated: May 21, 2021
   New York, New York          LEWIS J. LIMAN
                     United States District Judge

2